## Harding's Estate.

518

*J. Snowdon Rhoads* and *John S. Sinclair*, for exceptants.

*Byron, Longbottom, Pape & O'Brien*, contra.

LAMORELLE, P. J., May 29, 1931.—The question involved is thus stated in exceptants' brief:

"Where a testatrix, who dies domiciled in and a citizen of Great Britain, leaves two mutually exclusive wills, one relating solely to her estate in England and the other solely to her estate in the County of Philadelphia, State of Pennsylvania, and each of the wills is primarily and separately probated in the jurisdiction where the property covered thereby is physically situated, will this court lend its aid in the enforcement of the British legacy duty statute by requiring the executors of the American will to remit to the executors of the English will from the American estate the amount of British legacy duty which has been assessed by the British taxing authorities against the legacies and residuary shares payable to the pecuniary and residuary legatees from the American estate under the American will?"

The facts are few and simple, and as to them there is no dispute.

The Auditing Judge, in a concise yet comprehensive adjudication, ruled that the so-called American estate—meaning thereby so much of the personal property in Pennsylvania as passed to legatees under that will—was liable for what the British government taxed on the assets of the estate, and our study of the cases convinces us that therein he did not err.

No testator can get rid of his debts by making a series of wills, simply because at the time of his death he happens to have personal property in various states and countries. All assets, no matter where located at the time he dies, are supposed to be drawn to the domicile for the purposes of administration. Debts, administration expenses and taxes are a charge on the common fund—at least technically—at the domicile, and legatees are without standing to seek distribution unless the net balance for distribution is ascertained. Otherwise, one might, by making two wills, as this testatrix did, escape liability by charging all debts on one fund. One may, however, legally do this very thing if the other fund is sufficient; otherwise not. This testatrix did not even attempt to do so. It is only as a matter of courtesy and convenience that the entire fund now before this court is not sent to England;

but by keeping it here and making direct distribution, we must not lose sight of the fact that England is the domicile and that until all claims on the estate, as a unit, are liquidated, the legatees who are here get nothing.

This is the logic of the situation, it is the common-sense view of the matter, and from our examination of the authorities it would seem to be the law.

In the circumstances, we find no reason for further elaboration.

All exceptions are dismissed and the adjudication is confirmed absolutely.